IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-CV-745-GCM

| | | |
|---|---|---|
| **BRIANA BLUNT, as an individual and as a representative of the class,** ) ) | | |
| Plaintiff, ) ) | INITIAL PRETRIAL ORDER | |
| v. ) ) | | |
| **BELK, INC.,** ) | | |
| Defendant. ) | | |

IN ACCORDANCE WITH the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the undersigned enters the following **Initial Pretrial Order** in this matter.

A. **DISCOVERY GUIDELINES:** Discovery shall be proportional to the needs of the case and is limited as follows:

<u>Pre-Discovery Disclosures</u>: **The information required by Fed. R. Civ. P. 26(a)(1) has been exchanged by each party.**

This is a putative nationwide class action where Defendant will bear the brunt of discovery. The parties' attorneys are familiar with each other from prior class litigation involving the same claims. The parties have agreed to meaningfully meet and confer to sequence discovery in a logical manner to avoid duplication of effort and ensure proportionality at each stage of the proceedings, and to surface issues with the Court only as needed and if informal efforts to reach compromise fail. Defendant reserves its right to seek a stay of some or all discovery pending resolution of any appropriate dispositive motions.

1

As ordered by the Court, discovery will be bifurcated. First, discovery will initially be limited to that needed for class certification (hereinafter referred to as "Class Certification Discovery"). Then, if necessary, a period of discovery on the merits of the underlying claims (hereinafter referred to as "Merits Discovery") will follow. Merits Discovery should not commence until after the Court rules on Plaintiff's anticipated motion for class certification. The parties agree that only after the Court rules on the class certification, and the precise parameters of this litigation are defined, should they engage in Merits Discovery. After the Court issues a ruling on the class certification issue, the parties will to meet and prepare an updated Certification and Report of Initial Attorneys' Conference which will outline the appropriate Merits Discovery for the case either as a class certification or an individual plaintiff's case.

Discovery Limits: Each party may propound no more than **25** interrogatories, including subparts; no more than **25** requests for admission, including subparts, exclusive of requests to admit the authenticity of documents, which shall be unlimited; and take no more than **6** depositions of fact witnesses without prior approval of the court.

Defendant reserves the right to seek a limitation on the number of hours of deposition Plaintiff may take depending upon the results of their "meet and confer" over the scope of Plaintiff's "person most knowledgeable" deposition notice. Notwithstanding the bifurcation of discovery, Defendant will take Plaintiff's deposition only once, and shall not be deposed a second time absent a specific showing of need from Defendant. If an issue arises after Plaintiff's deposition that warrants additional exploration from Defendant, the parties will confer with the Court regarding same.

Reports from retained experts under Rule 26(a)(2) will be due:

from plaintiff(s) by **45 days prior to filing motion for class certification;** and

from defendant(s) by **30 days after plaintiff submits expert report.**

The court reserves the right to shift the costs of production of discovery to the party requesting it when the court determines that the request is not proportionate. Whenever a party has an objection to production, the objection must be specific. Production of documents may be accomplished through production of hard copies instead of electronic data.

B. **RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION:** Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

C. **THE MAINTENANCE OF DISCOVERY MATERIALS**: Discovery materials are NOT to be filed. All counsel are advised to consult the local rule which provides that while depositions, interrogatories, and requests for admission, and responses thereto, must still be served on all parties, they are no longer to be filed unless upon order of the Court. The parties are responsible for the preservation of any and all discovery materials they may generate.

D. **VIDEO DEPOSITIONS:** If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections, obtaining the Court's assistance if necessary, and edit the video accordingly so that the video may be shown without interruption. Failure to do this within a reasonable period of time prior to trial will result

in objections being deemed to be waived.

E.  **PROTECTIVE ORDERS:**  Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the court on the completion of litigation.

A **PROTECTIVE ORDER** is hereby entered in accordance with Rule 16(b)(1)(B) and Rule 502 providing that privileged documents inadvertently produced may be "clawed back" by the party that produced them within 14 days of being served with written notice of the inadvertent disclosure by the party who received the document.

F.  **Plaintiff's motion for class certification shall be filed no later than August 11, 2017. Defendant's opposition shall be filed 30 days later, or no later than September 11, 2017. Plaintiff's reply shall be filed no later than 14 days after the opposition, or September 25, 2017.  Further discovery and mediation deadlines, pre-trial instructions, trial date, and trial procedures shall be set only after the ruling on motion for class certification has been made.**

IT IS SO ORDERED.

Signed: February 6, 2017

Graham C. Mullen
United States District Judge